1 | MORGAN, LEWIS & BOCKIUS LLP
2 | JOSEPH DUFFY, State Bar No. 241854
jduffy@morganlewis.com
NOELLE B. MCCALL, State Bar No. 240273
3 | nmccall@morganlewis.com
300 South Grand Avenue, 22nd Floor
4 | Los Angeles, CA 90071-3132
Tel: 213.612.2500
5 | Fax: 213.612.2501

6 | *Attorneys for Defendants*

FILED
CLERK, U.S. DISTRICT COURT
AUG 26 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

LAURA MAYBAUM, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

TOYS "R" US, INC., a Delaware corporation, TOYS "R" US-DELAWARE, INC., a Delaware corporation, TOYSRUS.COM, INC., a Delaware corporation, BABIES "R" US, INC., a Delaware corporation, BABIESRUS.COM, LLC, a Delaware limited liability company and DOES 1 through 20, inclusive,

Defendants.

Case No. LACV11-7063 R(PJWx)

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT BY DEFENDANTS**

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Toys "R" Us, Inc. and Toys "R" Us – Delaware, Inc. ("Defendants") remove the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, and in furtherance of this removal avers:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

1.      On or about July 26, 2011, plaintiff Laura Maybaum, on behalf of herself and all others similarly situated, ("Plaintiff") commenced this action by filing a complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Laura Maybaum, on behalf of herself and all others similarly situated v. Toys "R" Us, Inc., et al.*, Case No. BC466115, alleging the following causes of action: (1) Fraud; (2) Unjust Enrichment; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Violation of Consumer Legal Remedies Act [Civ. Code Sections 1770, 1780]; (5) Violation of the Unfair Competition Law [Cal. Bus. Prof. Code Section 17200]; and (6) Unlawful Business Practices [Cal. Bus. Prof. Code Section 17500, *et seq.* [Declaration of Joseph Duffy in Support of Notice of Removal of Civil Action to United States District Court by Defendant ("Duffy Decl."), ¶ 4.]

2.      Plaintiff has not yet served Defendants with a summons and a copy of the complaint.[1]  [Duffy Decl., ¶ 5.]

3.      As Plaintiff has not yet effectuated service on Defendants, this Notice of Removal is timely under 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348; 199 S. Ct. 1322; 143 L. Ed. 2d 448 (1999).

4.      **JURISDICTION.**  This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) and is one which may be removed by Defendants pursuant to 28 U.S.C. § 1441.  This is a civil putative class action where the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and any member of the putative class is a citizen of a State different from any defendant.

---

[1] Through this Notice of Removal, Defendants do **not** waive their right to later contest service of process when/if Plaintiff serves them with the Summons and Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 67920211.1

2

NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT

5. **DIVERSITY OF CITIZENSHIP.** Defendant Toys "R" Us, Inc., at all pertinent times, was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wayne, New Jersey. [Lee Decl., ¶ 4.]

6. Defendant Toys "R" Us – Delaware, Inc., at all pertinent times, was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wayne, New Jersey. [Lee Decl., ¶ 5.]

7. Purported Defendants Toysrus.com, Inc., Babies "R" Us, Inc., and Babiesrus.com, LLC are no longer actual corporate entities. Toysrus.com and Babiesrus.com are websites operated by Toys "R" Us-Delaware, Inc. and are not incorporated entities. [Lee Decl., ¶ 6.] To the extent they are entities at all, they are therefore operating divisions of a Delaware corporation with its principal place of business in New Jersey.

8. For purposes of diversity, a corporation is a citizen of both the State in which it is incorporated and the State that constitutes the corporation's "principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, Defendants are considered citizens of Delaware and New Jersey.

9. According to the Complaint, Plaintiff Laura Maybaum, an individual, is now, and at all times mentioned in the Complaint was, a resident of Los Angeles County, California. [*See* Ex. 1, ¶ 1.] For purposes of diversity, an individual is deemed to be domiciled in the state where (1) he or has physical presence and (2) an intent to remain in the State. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). As Plaintiff resides in the state of California and has resided in the state of California at all times mentioned in the complaint, Plaintiff is a citizen of California. *Id*.

10. Plaintiff brings this action on behalf of herself and all others similarly situated: "All persons in California who purchased retail items from Defendants at Defendant's stores with a Toys "R" Us or Babies "R" Us 'Gift Card' since July 22,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 67920211.1

3

NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT

2007, and who received less than the purchase price when returning said retail items to Defendants." [*See* Ex. 1, ¶ 19.]

11. Pursuant to 28 U.S.C. § 1332(d)(2)(A), diversity of citizenship exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant. As the named Plaintiff is a citizen of California and all Defendants are citizens of Delaware and New Jersey, there is complete diversity in this action. [*See* Ex. 1, ¶ 1; [Lee Decl., ¶¶ 4-6.]

12. **AMOUNT IN CONTROVERSY IS SATISFIED.** In the Complaint, Plaintiff purports to seek, *inter alia,* alleged damages arising from Defendants' purported conduct regarding certain promotions. [*See* Ex. A, ¶¶ 14-17.] Plaintiff alleges that she and the putative class members made purchases of items from Toys "R" Us that came with free promotional gift cards. [*Id.* at ¶ 15.] Plaintiffs appear to incorrectly claim that Defendants "had an unfair and unlawful practice regarding its advertising, sale of, redemption, and return of retail items purchased with Toys "R" Us gift cards and gift card related promotions." [*Id.* at ¶ 15.] Defendants deny such allegations. Under the Consumer Legal Remedies Act ("CLRA"), Plaintiff and the putative class, if successful on their claims, could recover "actual damages, but in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000)" in addition to "punitive damages." Cal. Civ. Code § 1780(a).

13. In approximately 94,545 instances since 2009, Toys "R" Us customers who purchased items that came with free promotional gift cards subsequently returned those items without returning the free promotional gift cards. The value of those free gift cards that the customers failed to return totals more than $1 million. [Lee Decl., ¶ 8.]

14. In addition, Plaintiffs appear to be seeking damages relating to Toys "R" Us's sales of items that came with free promotional gift cards. Since 2009, the total value of those sales exceeded $114 million. [Lee Decl., ¶ 11.] Presumably,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 67920211.1

4

NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT

1     Plaintiffs will improperly and incorrectly and without proper legal basis seek some

2     percentage of that number as damages in this case.  Although Toys "R" Us

3     expressly denies that Plaintiffs are entitled to any such relief, even if Plaintiffs seek

4     only 5% of this amount, the $5,000,000 threshold is satisfied.  [Lee Decl., ¶¶ 7-11.]

5         15.     Plaintiff also seeks punitive damages.

6         16.     As a result, based on the allegations of the Complaint, the amount in

7     controversy here exceeds the sum or value of $5,000,000 under 28 U.S.C. §

8     1332(d)(2), exclusive of interest and costs.

9         17.     **VENUE IS PROPER**.  Venue is proper in this district, pursuant to

10     28 U.S.C. § 1441(a), because the District Court for the Central District of

11     California is the judicial district embracing the place where the state court case is

12     pending.  28 U.S.C. § 1441(a).[2]

13         18.     Defendants will promptly serve Plaintiff with this Notice of Removal

14     and will promptly file a copy of this Notice of Removal with the Clerk of the

15     Superior Court of the State of California in and for the County of Los Angeles as

16     required under 28 U.S.C. § 1446(d).

17         19.     The Complaint, attached hereto as Exhibit A, and an August 17, 2011

18     Order deeming the case non-complex and transferring it to Department 57 of the

19     Los Angeles Superior Court, attached hereto as Exhibit B, constitute all pleadings

20     and orders of which Defendants are aware in this action.  No proceedings have been

21     conducted in the Superior Court of California in connection with the State Court

22     Action.  [Duffy Decl., ¶ 6.]

23         20.     There are no other named parties to this action, at this time.[3]  [Duffy

24     Decl., ¶ 7.]

25

26     [2]    By averring that venue is proper in this Court for purposes of removal,
Defendants do not waive their right to later seek a change of venue under 28

27     U.S.C. § 1404.

    [3]   *See* ¶ 7, *supra*.  Toysrus.com, Inc., Babies "R" Us, Inc., and Babiesrus.com, LLC

28     are not properly named entities.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 67920211.1

NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT

1    **NOW THEREFORE,** Defendants remove this case from the Superior Court
2    of the State of California in and for the County of Los Angeles to the United States
3    District Court for the Central District of California.

4    Dated: August 26, 2011                MORGAN, LEWIS & BOCKIUS LLP
5
6
7                                          By _____
                                               Joseph Duffy
8                                              *Attorneys for Defendants*
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT

# EXHIBIT A



90012
A16000

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 26 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
AMBER LAFLEUR-CLAYTON

CCW
D.324 Emilie Elias

1 Christopher J. Hamner, Esq., (SBN 197117)
Amy T. Wootton, Esq., (SBN 188856)
2 Nicole K. Brooks, Esq., (SBN 198225)
3 **HAMNER LAW OFFICES, APC**
555 W. 5th Street, 31st Floor
4 Los Angeles, California 90013
Telephone: (213) 533-4160
5 Facsimile: (213) 533-4167

6 Attorneys for Plaintiff, LAURA MAYBAUM, on behalf of herself and all others similarly
7 situated

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11 LAURA MAYBAUM, on behalf of herself and | Case No.     **B C 4 6 6 1 1 5**
all others similarly situated,
12

13           Plaintiff | **CLASS ACTION**

14

15       vs. | **COMPLAINT FOR:**

16 | 1. **FRAUD**
2. **UNJUST ENRICHMENT**
17 TOYS "R" US, INC., a Delaware corporation, | 3. **BREACH OF IMPLIED COVENANT**
TOYS "R" US-DELAWARE, INC., a Delaware | **OF GOOD FAITH AND FAIR**
corporation., TOYSRUS.COM, INC., a | **DEALING**
18 Delaware corporation., BABIES "R" US, INC., | 4. **VIOLATION OF CONSUMER LEGAL**
19 a Delaware corporation, BABIESRUS.COM, | **REMEDIES ACT [Civ. Code Sections**
LLC, a Delaware limited liability company and | **1770, 1780]**
20 DOES 1 through 20, inclusive, | 5. **VIOLATION OF THE UNFAIR**
21 | **COMPETITION LAW [Cal. Bus. Prof.**
**Code Section 17200]**
22       Defendants. | 6. **UNLAWFUL BUSINESS PRACTICES**
23 | **[Cal. Bus. Prof. Code Section 17500 et**
**seq.]**
24 | **DEMAND FOR JURY TRIAL**
25

26 ///
27 ///
///
28 ///

1

CLASS ACTION COMPLAINT

1  Plaintiff LAURA MAYBAUM ("Plaintiff") hereby alleges, on behalf of herself and all
2  others similarly situated, the following causes of action against TOYS "R" US, INC., a Delaware
3  corporation, TOYS "R" US-DELAWARE, INC., a Delaware corporation., TOYSRUS.COM,
4  INC., a Delaware corporation., BABIES "R" US, INC., a Delaware corporation,
5  BABIESRUS.COM, LLC, a Delaware limited liability company, and DOES 1 through 20,
6  inclusive as follows:

**I.**

**PARTIES**

7
8  **A.  Plaintiff**
9      1.   Plaintiff LAURA MAYBAUM ("Maybaum" or "Plaintiff"), is an individual and
10  is now, and at all times mentioned in this complaint was, a resident of Los Angeles County,
11  California.
12  **B.  Defendants**
13      2.   Defendant TOYS "R" US, INC., is now, and at all times mentioned in this
14  complaint was, a corporation organized and existing under the laws of the State of Delaware,
15  with its principal place of business in Wayne, New Jersey. Toy "R" Us, Inc. regularly and
16  systematically sells its goods and products in Los Angeles, California.
17      3.   Defendant TOYS "R" US-DELAWARE, INC., is now, and at all times mentioned
18  in this complaint was, a corporation organized and existing under the laws of the State of
19  Delaware, with its principal place of business in Wayne, New Jersey. Toy "R" Us-Delaware,
20  Inc. regularly and systematically sells its goods and products in Los Angeles, California.
21      4.   Defendant TOYSRUS.COM, INC., is now, and at all times mentioned in this
22  complaint was, a corporation organized and existing under the laws of the State of Delaware,
23  with its principal place of business in Wayne, New Jersey. Toysrus.com regularly and
24  systematically sells its goods and products in Los Angeles, California.
25      5.   Defendant BABIES "R" US, INC., is now, and at all times mentioned in this
26  complaint was, a corporation organized and existing under the laws of the State of Delaware,
27
28

2

Exhibit A, Page 8

with its principal place of business in Wayne, New Jersey. Babies "R" Us, Inc. regularly and systematically sells its goods and products in Los Angeles, California.

6.    Defendant BABIESRUS.COM, LLC is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wayne, New Jersey. Babiesrus.com, LLC regularly and systematically sells its goods and products in Los Angeles, California.

7.    Defendants TOYS "R" US, INC., a Delaware corporation, TOYS "R" US-DELAWARE, INC., a Delaware corporation., TOYSRUS.COM, INC., a Delaware corporation., BABIES "R" US, INC., a Delaware corporation, and BABIESRUS.COM, LLC, are collectively referred to as "Defendants" or "Toys "R" Us."

8.    The Superior Court of the State of California for the County of Los Angeles has jurisdiction over Toys "R" Us because Defendants have qualified with the California Secretary of State to do business and is doing business in Los Angeles County, California.

9.    Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 to 20, inclusive, and therefore sues them by those fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

10.    Plaintiff is informed and believes, and based thereon alleges, that each defendant mentioned in this complaint, acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

11.    Business and Professions Code section 17203 provides that any person who engages in unfair competition may be enjoyed in any court of competent jurisdiction. Business

3

and Professions Code section 17204 provides that any person acting for the interests of itself, its members or the general public may bring an action in a court of competent jurisdiction. Thus, the above entitled court maintains appropriate jurisdiction to hear this matter.

II.

## FACTUAL ALLEGATIONS

12. At all times mentioned in this Complaint, Toys "R" Us was and is in the business of selling retails toys, games, electronics, and juvenile products to the consumer public at large.

13. Toys "R" Us markets and sells "gift cards" associated with Defendant's Rewards 'R' Us program, Geoffrey's Birthday Club, promotional free Gift Cards with purchase, and Buy One Get One 50% Off.

14. Plaintiff is a California consumer who has purchased product from Defendant's Toys "R" Us stores in California since December of 2009, and who earned and used Defendant's "Free Gift Card with Purchase," and/or "Buy One Get One 50% Off" promotions.

15. Plaintiff alleges that over the last four years, and continuing to the present, Toys "R" Us has had an unfair and unlawful practice regarding its advertising, sale of, redemption, and return of retail items purchased with Toys "R" Us gift cards and gift card related promotions. Plaintiff alleges that when retail items are purchased from Defendants with a "Gift Card" Plaintiff and the Putative Class are refunded less than what they are owed. Plaintiff alleges that this policy and practice of Toys "R" Us with these promotions violated California law prohibiting retailers from giving less than full cash credit refunds unless they have a more restrictive refund policy and post it or otherwise provide notice.

16. On information and belief, Plaintiff alleges that by doing this, Toys "R" Us has also violated, among other laws, the California Consumer Legal Remedies Act, California Civil Code section 1750, et seq., specifically, sections 1770 (9), (13), (14), (17) and (20).

17. Plaintiff alleges that Toys "R" Us has made, and continues to make false, and misleading statements, and has concealed, and continues to conceal, material information in the marketing and advertising of its promotions to consumers from about May of 2007 to the

4

present, in violation of the law and to the detriment of its customers who participate in these promotions. Plaintiff reserves the right to amend or add to these claims as Plaintiff's investigation into this matter continues.

### III.

### CLASS ALLEGATIONS

18.    Plaintiff brings this action on behalf of herself and on behalf of all persons similarly situated, as more fully explained below. This action is brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382 and other applicable law pertaining to class actions. Plaintiff alleges on information and belief that the class size is in excess of 100,000 members.

19.    Plaintiff, also referred to as proposed Class Plaintiff, seeks to represent a class of consumers defined as follows:

> All persons in California who purchased retail items from Defendants at
> Defendant's stores with a Toys "R" Us or Babies 'R' Us "Gift Card" since July
> 22, 2007, and who received less than the purchase price when returning said retail
> items to Defendants.

20.    Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

21.    This action is brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382 and other applicable law pertaining to class actions. There is a well-defined community of interest in the litigation and the class is easily ascertainable.

A.    **Numerosity**

22.    The potential member of the Class as defined are so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that tens of thousands, if not hundreds of thousands.

5

23.     Upon information and belief, Plaintiff alleges that Defendant's business records would provide information as to the number and location of all Class Members. Moreover, there may be multiple violations for individual class members. Defendants' records could provide extensive data on multiple and repeat purchases made by customers to the Company. Joinder of all members of the proposed Class, therefore, is not practicable.

**B.     Commonality**

24.     Common questions of law and fact exist as to all Class Members, and predominate over any questions that affect only individual members of the class. The common questions of law and fact include, but are not limited to (i) class definition; (ii) class size; (iii) damages to be awarded to the Class; and (iv) punitive damages consideration.

**C.     Typicality**

25.     Plaintiff's claims are typical of the claims of the class Members. Plaintiff and other Class Members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to Class Members as well as Plaintiff. Plaintiff seeks recovery for the same types of losses, injuries, and damages as were suffered by the other Class Members as well as Plaintiff.

**D.     Adequacy of Representation**

26.     Plaintiff and her counsel will fairly and adequately protect the interests of the class Members. Plaintiff has no interest that is adverse to the interests of the other Class Members.

**E.     Superiority of Class Action**

27.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the

6

1  losses, injuries and damages suffered by each of the individual Class Members are small in the

2  sense pertinent to class action analysis, the expenses and burden of individual litigation would

3  make it extremely difficult or impossible for the individual Class Members to redress the wrongs

4  done to them.  On the other hand, important public interests will be served by addressing the

5  matter as a class action.  The cost to the court system and the public of adjudication of individual

6  litigation and claims would be substantial, and substantially more than if the claims are treated as

7  class action.  Individual litigation and claims would also present the potential for inconsistent or

8  contradictory results.

9  IV.

10  **CAUSES OF ACTION**

11  **First Cause of Action**

12  *Fraud*

13       28.     Plaintiff incorporates paragraphs 1 through 27 as though fully set forth herein.

14       29.     Defendant by and through their agents/employees and marketing campaigns

15  willfully deceived Plaintiff and the Putative Class into conducting business with Toys "R" Us

16  and its affiliates, without informing and/or by intentionally deceiving its retail customers into

17  believing that when it made purchases toward earning "free Gift Cards with purchase" or when

18  they made a "Buy One Get One 50% Off" purchase, or an equivalent promotional variation, that

19  upon return of the item receive the full purchased price, when in fact they would not receive a

20  full refund.

21       30.     Plaintiff and Putative class members did not receive the full purchase price upon

22  return, but rather would receive only the actual purchase price minus the prorated discount for

23  the promotion.

24       31.     At the time, the aforementioned omissions and/or misrepresentations were made,

25  Defendant knew that it would not credit the full purchase price paid by its retail customers.

26  Defendant intentionally misled Plaintiff and the Putative Class in this regard.

27

28

7

CLASS ACTION COMPLAINT

Exhibit A, Page 13

32.     The aforementioned omissions and/or misrepresentations of material fact induced Plaintiff and the Putative Class into conducting business with Defendant. Plaintiff and the Putative Class would not otherwise have conducted business with Defendant absent these material omissions and/or misrepresentations.

### Second Cause of Action
*Unjust Enrichment*

33.     Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

34.     Toys "R" Us received a benefit from marketing its "gift card" and "buy one get one" promotions to Plaintiff and the Putative Class, who then used these promotions to shop at Defendants' stores.

35.     Toys "R" Us wrongfully and without permission used Plaintiff and the Putative Class's purchases to Toys "R" Us's benefit.

36.     It is unjust for Toys "R" Us to keep the monies earned from its wrongful and unjust conduct as alleged herein.

37.     Toys "R" Us has been unjustly enriched and Plaintiff and the Putative Class are entitled to restitution of all fees paid to Toys "R" Us related to its "gift card" promotion, declaratory relief and incidental damages.

### Third Cause of Action
*Breach of Implied Covenant of Good Faith and Fair Dealing*

38.     Plaintiff incorporates paragraphs 1 through 37 as though fully set forth herein.

39.     Toys "R" Us' sales receipts contain an implied covenant of good faith and fair dealing which obligates Toys "R" Us to perform the sale fairly and in good faith, and to refrain from doing any act that would prevent or impede Plaintiff from performing any or all of the conditions of the purchase or return that Plaintiff and the Putative Class agreed to perform, or any act that would deprive Plaintiffs and the Putative Class of the benefit of the sales transaction.

40.     Toys "R" Us breached the implied covenant of good faith and fair dealing under the sales transaction by, among other things, engaging in the conduct described herein above.

8

Exhibit A, Page 14

41.    The aforementioned acts by Toys "R" Us were willful and malicious in that Toys "R" Us' conduct was intended to cause injury to Plaintiff and the Putative Class and was carried out with a conscious disregard for Plaintiff and the Putative Class's rights, thereby warranting the assessment of exemplary and punitive damages in an amount appropriate to punish Toys "R" Us, and set an example for others.

42.    As a further direct and proximate result of Toys "R" Us' breaches of the implied duty of good faith and fair dealing, Plaintiff and the Putative Class have suffered and continue to suffer additional damages in an amount to be proved at trial.

### Fourth Cause of Action
*Violation of Consumer Legal Remedies Act*

43.    Plaintiff incorporates paragraphs 1 through 42 as though fully set forth herein.

44.    On November 8, 2009, Plaintiff bought four (4) toys from Defendant totaling over $75 dollars and received a "Free $10 Gift Card." Plaintiff later attempted to return one of the toys, but Defendant refused to return the toy for the full purchase price.

45.    Defendant, through its agents and employees, engaged in the following violations of Civil Code Section 1770: making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions; representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction. Civil Code Section 1770 (13), (14) and (17).

46.    Defendant acted with fraud in engaging in the Civil Code section 1770 violations described in paragraph 44 of this complaint. As a result, Plaintiff is entitled to punitive damages.

///
///
///
///

9

**Fifth Cause of Action**
*Violation of Unfair Competition Law*
(Bus. and Prof. Code § 17200 *et seq.*)

47.  Plaintiff incorporates paragraphs 1 through 46 as though fully set forth herein.

48.  Beginning at an exact date unknown to Plaintiff but at least since March 5, 2007, Defendant has committed acts of unfair competition, as defined by Business and Professions Code section 17200, by making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions; representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

49.  These acts and practices, as described in paragraph 48 above, violate Business & Professions Code section 17200 in the following respects

50.  Defendant's policy/practice of failing to provide full return value or credit violates California Civil Code Section 1770 and, consequently, constitutes an unlawful business act of practice within the meaning of Business and Professions Code section 17200.

51.  Defendants practice/policy of promotional "gift cards" is likely to mislead the general public and, consequently, constitutes a fraudulent business act or practice within the meaning of Business and Professions Code section 17200.

52.  Defendant's acts of untrue and misleading advertising are, by definition, violations of Business and Professions Code section 17200.

53.  The unlawful, unfair, and fraudulent business practices and false and misleading advertising of Defendant, present a continuing threat to members of the public in that more consumers will be mislead by the term "free" in believing that they are receiving a benefit simply for their loyalty, when in fact, they are pre-paying for these gift cards.

54.  As a result of the aforementioned acts, plaintiff and Class members have lost money or property and suffered injury in fact. Defendantreceived and continues to hold credit or

10

cash belonging to Plaintiff and the class who paid full price for items purchased and did not receive full credit in return.

### Sixth Cause of Action
*Unlawful business practices*
(Bus. and Prof. Code § 17500 *et seq.*)

55. Plaintiff incorporates paragraphs 1 through 54 as though fully set forth herein

56. Beginning at an exact date unknown to plaintiff but at least since March 5, 2007, Defendant has committed acts of untrue and misleading advertising, as defined by Business and Professions Code section 17500, by engaging in the following acts and practices with intent to induce members of the public to enter into contracts for the purchase of toys: by making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions; representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

57. The acts of untrue and misleading advertising by Defendant described in paragraph 56 present a continuing threat to members of the public in that consumers are being cheated out of their money. Plaintiff and other members of the general public have no other adequate remedy of law.

### V.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all members of the class prays for relief as follows:

1. That the Court determine that this action may be maintained as a class action;

2. That Plaintiff be appointed the representative of the class;

3. That the attorneys of record for Plaintiff whose names appear in this Complaint be appointed Class counsel;

4. Actual damages in an amount to be proven at trial;

11

5.    Punitive damages;

6.    Costs and attorneys' fees;

7.    Interest as permitted by law;

8.    Such other injunctive and equitable relief as the Court may deem proper.


DATED:  July 25, 2011

                                    HAMNER LAW OFFICES, APC



                                    By:  Christopher J. Hamner, Esq.,
                                    Attorney for Plaintiff, LAURA MAYBAUM , on
                                    behalf of herself and all others similarly situated

Exhibit A, Page 18

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher J. Hamner, Esq. (SBN 197117)<br>HAMNER LAW OFFICES, APC<br>555 W. 5th Street, 31st Floor<br>Los Angeles, California 90013<br>TELEPHONE NO.: (213) 533-4160    FAX NO.: (213) 533-4167<br>ATTORNEY FOR *(Name):* Plaintiff, Laura Maybaum | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JUL 26 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>AMBER LAFLEUR-CLAYTON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME:
Laura Maybaum v. Toys "R" Us, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC 466 115** |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 25, 2011

Christopher J. Hamner
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Maybaum v. Toys "R" Us, Inc., et al. | CASE NUMBER  B C 4 6 6 1 1 5 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☑ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 5-7 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Maybaum v. Toys "R" Us, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

Exhibit A, Page 22

| SHORT TITLE: Maybaum v. Toys "R" Us, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☑ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 3 of 4

Exhibit A, Page 23

| SHORT TITLE: Maybaum v. Toys "R" Us, Inc., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Class actions may be filed in Central District |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 |
|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __July 25, 2011__

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)      **CIVIL CASE COVER SHEET ADDENDUM**     Local Rule 2.0
LASC Approved 03-04     **AND STATEMENT OF LOCATION**     Page 4 of 4

Exhibit A, Page 24

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 08/17/11 | **DEPT.** 324 |
| HONORABLE EMILIE H. ELIAS          JUDGE | A. MORALES          DEPUTY CLERK |
| HONORABLE                     JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE          Deputy Sheriff | NONE          Reporter |

| | | |
|---|---|---|
| 8:30 am | BC466115 | Plaintiff Counsel |
| | LAURA MAYBAUM | NO APPEARANCES |
| | VS | Defendant |
| | TOYS R US INC ET AL | Counsel |
| | NON-COMPLEX (08-17-11) | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Ralph W. Dau in Department 57 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 57 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

                    CLERK'S CERTIFICATE OF MAILING/
                    NOTICE OF ENTRY OF ORDER

                    Page  1 of  2   DEPT. 324

```
MINUTES ENTERED
08/17/11
COUNTY CLERK
```

Exhibit B, Page 25

2136281908                                      09:40:09 a.m.      08-26-2011        3 /3

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/17/11                                                          **DEPT.** 324

HONORABLE EMILIE H. ELIAS           JUDGE   A. MORALES          DEPUTY CLERK

HONORABLE                   JUDGE PRO TEM.            ELECTRONIC RECORDING MONITOR

        NONE            Deputy Sheriff   NONE                  Reporter

8:30 am  BC466115                    Plaintiff
                                     Counsel
         LAURA MAYBAUM                          NO APPEARANCES
         VS
         TOYS R US INC ET AL         Defendant
                                     Counsel

         NON-COMPLEX (08-17-11)

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
08-17-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 08-17-11

John A. Clarke, Executive Officer/Clerk


By: _____
        K. HILAIRE


HAMNER LAW OFFICES, APC
Christopher J. Hamner, Esq.
555 West 5th Street, 31st Floor
Los Angeles, California  90013

                    Page   2 of   2   DEPT. 324

```
MINUTES ENTERED
08/17/11
COUNTY CLERK
```

Exhibit B, Page 26